## Feldgus *v.* Friedman et al., Appellants.

*Evidence—Best evidence—Witness—Incriminating question—Fictitious name—Acts of May 23, 1887, P. L. 158, and June 28, 1917, P. L. 645.*

1. Where a plaintiff, in an action brought under a name, which is, in fact, fictitious, refuses when called as for cross-examination, to state whether he had registered under the Act of June 28, 1917, P. L. 645, and bases his refusal on the ground that it might incriminate him (Act of May 23, 1887, P. L. 158), such refusal to answer does not justify an inference that he had not complied with the act.

2. Defendants should prove the fact by direct proof furnished by the official records in the offices of the secretary of the commonwealth and the prothonotary of the proper county.

Argued October 14, 1920. Appeal, No. 140, Oct. T., 1920, by defendants, from judgment of C. P. Allegheny Co., Jan. T., 1920, on verdict for plaintiff in case of Jacob Feldgus, trading under the name of Feldgus Glove Co. v. Jacob M. Friedman and Abe Friedman, trading under the name of Enterprise Leather Co. Before BROWN, C. J., MOSCHZISKER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before SHAFER, P. J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,863.91. Defendants appealed.

*Error assigned,* among others, was ruling on evidence referred to in the opinion of the Supreme Court.

*Charles H. Sachs,* of *Sachs & Caplan,* for appellants.

*W. D. N. Rogers,* with him *O. S. Richardson* and *E. A. DeLaney,* for appellee.

Opinion by Mr. Justice Moschzisker, December 31, 1920:

Jacob Feldgus, trading under the name and style of the Feldgus Glove Company, sued Jacob M. Friedman and Abe Friedman, trading as the Enterprise Leather Company, to recover an account for merchandise sold; judgment was entered on a verdict for plaintiff, and defendants have appealed.

At trial, after plaintiff rested, the court permitted defendants to amend their affidavit of defense, by adding an averment that the former was doing business under a fictitious name and had failed to register as required by the Act of June 28, 1917, P. L. 645, which prohibits the conducting of any business "under an assumed or fictitious name, style or designation," unless the person employing such name shall first file, "in the office of the secretary of the Commonwealth and of the prothonotary of the proper county," certificates "setting forth the real name or names and addresses of all persons owning or interested in said business" and the designation under which it is to be conducted. The statute further provides that "any person carrying on or conducting any business in violation of this act shall be guilty of a misdemeanor"; it fixes a maximum punishment of $500 fine and one year's imprisonment.

Defendants produced no direct evidence to prove plaintiff had not complied with the law; but they called Feld-

gus, "as for cross-examination," and asked him whether he had registered under the act. This was objected to on various grounds, among others that the answer might tend to incriminate the witness; the objection was sustained and exception granted.

In view of the Act of May 23, 1887, P. L. 158, 161, which, by section 10, provides, "Except defendants actually on trial in a criminal court, any competent witness may be compelled to testify in any proceeding, civil or criminal, but he may not be compelled to answer any question which, in the opinion of the trial judge, would tend to incriminate him," it cannot well be maintained that the court below erred in not compelling a reply to the question here under consideration. Defendants argue, however, that plaintiff's refusal to answer justifies an inference he had not complied with the registration law; and they contend the jurors should have been permitted to draw this inference, and decide the case accordingly.

We cannot sustain appellant's contention, because, if for no stronger reason, the fact sought to be established was capable of proof by better evidence than mere inference; it was a matter of official record in two public offices, and readily susceptible of direct proof.

Under the circumstances of this case, if defendants had desired to take advantage of the Act of 1917, it was their duty to produce direct evidence; and, not having done so, they cannot now complain because the court below refused to enter judgment in their favor n. o. v., as though such proofs had been furnished.

The complaint just referred to, and a criticism of the charge because it failed "to instruct the jury that the refusal of plaintiff......to answer the question, as to whether he had complied with the provisions of the act ......, raised a presumption that he had failed to comply" therewith, are the only matters assigned as error. This last complaint is without merit, for the reasons al-

ready stated; but, we may add, no request was made for such an instruction.

Neither assignment really raises the point defendants seek to bring before us on this appeal, and further discussion is quite unnecessary.

The assignments of error are overruled and the judgment is affirmed.