## Lamb *v.* Condon et al., Appellants.

*Fictitious names—Right of recovery in civil suit—Acts of June 28, 1917, P. L. 645, and May 10, 1921, P. L. 465—Statutes—Construction—Penal regulation.*

1. The Act of June 28, 1917, P. L. 645, was intended to protect persons giving credit in reliance on an assumed or fictitious name, and to definitely establish the identity of the individuals owning the business for the information of those who might have dealings with the concern.

2. The act was not intended to produce confiscation of property, nor to relieve debtors from their honest obligations. It is a penal regulation, and should be so construed as not to extend its operations beyond the purpose for which it was evidently enacted.

3. A real estate broker trading under a fictitious name who has fully carried out the purpose for which he was employed, and who has not misled or injured his employer by the use of such name, may recover his commissions, although he may be liable for the penalties provided by the act.

4. The language of the amending Act of May 10, 1921, P. L. 465, prohibiting the bringing of suits by nonresidents who have used fictitious names, and failed to register, indicates a legislative intent that residents may enforce just claims, although unregistered, if the use of the fictitious name had injured no one.

5. In construing a statute, the courts will look to the language of the act, the subject-matter of it, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment.

Argued January 19, 1923. Appeal, No. 113, Jan. T., 1923, by defendants, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1921, No. 1521, on verdict for plaintiff, in case of Thyle M. Lamb, trading as Lamb & Co., to use of John B. Rock v. William Condon et al. Before MOSCHZISKER, C. J., WALLING, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for commissions. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $5,525. Defendant appealed.

*Error assigned*, inter alia, was refusal of judgment for defendants n. o. v., quoting record.

*I. G. Gordon Forster*, of *Evans, Forster & Wernick*, for appellants, cited: Ferraro v. Hines, 77 Pa. Superior Ct. 275; Goldsmit v. Day, 49 Pa. C. C. R. 212; Koons v. Nice, 30 Pa. Dist. R. 105.

*Stanley Folz,* of *Sundheim, Folz & Kun,* for appellee, cited: Potter v. Osgood, 79 Pa. Superior Ct. 397; Mangan v. Schuylkill Co., 273 Pa. 310; Walker v. Mason, 272 Pa. 315; Hughes & Dier v. McClure, 77 Pa. Superior Ct. 325; Hanan & Son v. McGowan, 1 D. & C. R. 356.

OPINION BY MR. JUSTICE SADLER, February 26, 1923:

T. M. Lamb, holding the license of a real estate broker, trading however as Lamb & Company,—a brother had been associated with him formerly,—entered into an agreement with the defendants to sell for them certain lands, and it was understood that compensation of $5,000 should be given, if his efforts were successful. A purchaser was secured and the property transferred, but the commissions remained unpaid, and, as a result, this suit was brought. An affidavit of defense was filed, averring that the sum agreed upon was not to be due until another lot owned by defendants was disposed of, and that this condition had not been performed. At the trial, an amendment to the affidavit of defense was allowed, in which the right to recover was denied for the additional reason that plaintiff was dealing in the name of Lamb & Company, which was assumed or fictitious, and, therefore, the contract was unenforceable. The jury rendered a verdict for the plaintiff, deciding in his favor on the facts originally presented as a defense. Before argument on the motion for judgment n. o. v., Lamb, as a precaution, registered under the provisions of the Act of 1917 (June 28, P. L. 645), amended in 1919 (June 20, P. L. 542) and 1921 (May 10, P. L. 465), in the offices of the prothonotary of Philadelphia County and the secretary of the Commonwealth, and paid the sum of $25, under paragraph 2, section 1, of the last named statute, demanded of plaintiffs residing outside of the Commonwealth, before instituting actions. The court below entered judgment for the amount claimed, and the defendants appealed, raising solely the question of the

right to recover, in view of the failure to register before bringing suit.

The Act of June 28, 1917, P. L. 645, provided that no individual should carry on or conduct any business in the Commonwealth under an assumed or fictitious name, unless complying with the directions of that legislation. The purpose of this statute was to protect those who might deal with such parties. This thought is well expressed by Judge HENDERSON, in Engle v. Insurance Co., 75 Pa. Superior Ct. 390, when he says: "The purpose of the statute is obvious. It was intended to protect persons giving credit in reliance on the assumed or fictitious name, and to definitely establish the identity of the individuals owning the business, for the information of those who might have dealings with the concern. It was not intended to produce a confiscation of property, nor to relieve debtors from their honest obligations......It is a penal regulation, and should be so construed as not to extend its operations beyond the purposes for which it was evidently enacted."

An examination of the act discloses an intention on the part of the legislature to deal with two classes of individuals who might use assumed names; one, covered by the first paragraph of section 1 of the act, being those who are residents of the State, and the other, individuals who are nonresidents. In both cases, it is directed that the one adopting the fictitious name shall not carry on or conduct business in the Commonwealth until registration is had, and, in the sections which followed, the engaging in such activity is penalized and made a misdemeanor. There is no express declaration that the contracts entered into by such parties shall be void and unenforceable. Here, the plaintiff used a fictitious name when he did business as Lamb & Company, and, as a result, might have misled a creditor who was unaware of the true situation, but no one was harmed in the present instance. The duties for which he was employed were fully carried out, and he is entitled to the compen-

sation agreed upon and earned, unless the legal objection raised first at the trial is to prevail.

This makes necessary a consideration of the effect of the legislation dealing with the use of trade names which fail to fully disclose the parties. Three times the Act of 1917 has been brought to the attention of this court (Feldgus v. Friedman, 269 Pa. 60; Walker v. Mason, 272 Pa. 315; Mangan v. Schuylkill County, 273 Pa. 310), but in none of these cases was it decided that an action could not be maintained for the consideration which had been fixed, because of the failure to file the necessary certificate, if the contract was executed. A divergence of opinion had been apparent in the rulings of the lower courts, and finally the Superior Court, in 1921 (Ferraro v. Director General of Railroads, 77 Pa. Superior Ct. 274), determined that a neglect to register prevented a recovery, though the services contemplated by the contractor had been performed. Subsequently, the same tribunal decided that relief would be granted to a party, who had failed to comply with the act, where property rights were threatened: Potter v. Osgood, 79 Pa. Superior Ct. 397.

As a result of the dispute in regard to the right to sue where no certificate was filed, an amending act was passed by the legislature (Act May 10, 1921, P. L. 465), and the wording of it is significant in the determination of the present controversy. It will be noted that the first paragraph of the first section, which provided for individuals resident of the State, was not modified, but the second paragraph of the same section provided that those who were nonresident, and failed to register, should not be permitted to institute actions until they had paid a fine of $25, and, even in those cases, it was declared that pending proceedings could be carried on, if the penalty and the costs of the case to the date of payment were satisfied. It is also to be observed, as indicative of the legislative intent, that no prohibition against the bringing of suits by residents of the State,

who were in default, was made, but that the inhibition was directed solely to those living beyond the confines of the Commonwealth.

Williston, in his treatise on Contracts (volume 3, section 1770), says: "Besides contracts in violation of a statute purely for revenue, there are other statutes which, though they make transactions in violation of them unenforceable, do not make them illegal, properly speaking. These statutes are intended for the protection of the individual parties to a transaction, rather than for the general protection of the public." And later, section 1774: "A related question arises under a New York statute, which makes it a penal offense for one doing business to add the words, '& Company' to his name as a business designation, unless those words represent an actual partner or partners. It has been repeatedly held in construing the statute that a contract, made by a person doing business in violation of the statute, is binding and enforceable by him unless, at least in the formation of the particular contract in question, the defendant was deceived and relied on the credit of other partners supposed to exist." This is the view, under such circumstances, which has been taken by the appellate courts of practically all of the states, as will appear by the note appended to Hunter v. Patterson, 1915 D, L. R. A. 988. Attention may also be called to a case, involving a like question, decided in Massachusetts, though it turned in part on the use of the word "maintain" rather than "institute" the action, where a foreign corporation had failed to register: Natural Fertilizer Company v. Fall River Savings Bank, 196 Mass. 458, 14 L. R. A. (N. S.) 561.

It is true that in Pennsylvania the courts will not lend their aid to enforce illegal contracts, where the act to be performed has been prohibited by law, and the right to recover must rest on proof of the wrong. Even if all required of one of the parties has been done, the other cannot secure relief where the statute con-

demning the transaction has declared the agreement entered into unenforceable. But in determining whether the legislature intended to effect this result, the entire statute must be examined. In the Act of 1921, there is an express declaration as to the special circumstances under which suit shall not be instituted,—excluding the facts before us,—and impliedly recognizing the right of action in other cases.

"It would seem that in all cases [involving the enforceability of a contract such as this] the true rule is that the question is one of legislative intent, and the courts will look to the language of the statute, the subject-matter of it, the wrong or evil which it seeks to remedy or prevent, and the purpose sought to be accomplished in its enactment; and if from all these it is manifest that it was not intended to imply a prohibition, or to render the prohibited act void, the courts will so hold, and will construe the statute accordingly": 13 C. J. 422. In the present case, it is apparent that the disputes as to the interpretation of the original Act of 1917, led the legislature to more expressly define its purposes, and this was done by the amending Act of 1921. The first paragraph of the section, which dealt with residents,—and the plaintiff was one,—made no provision against recovery or institution of suit without the preliminary payment of the fine, but did expressly so provide in the case of non-residents. This clearly indicates a purpose to distinguish between the two classes of possible plaintiffs, and, even in the latter case, the exaction of the penalty does not interfere with the continuance of the action already brought. It therefore is fairly argued the purpose of the Act of 1917 was not to prevent the maintenance of suits for just claims arising from executed contracts, though there was a failure to register as directed by the statute, and we are of the opinion that the court below properly disposed of the question presented to it.

It is true that, technically, the plaintiff, by adding the term "Company" to his given name, was acting in viola-

tion of the act of assembly, but no one was deceived thereby; his contract was entered into in good faith, and the obligations which he assumed were fully performed. The objection raised by the defendants was not made until trial, and Lamb then filed the certificates and paid the fine required by the Act of 1921, though such was not necessary for the maintenance of his action, as we view that legislation. However, he still remained liable for penalties, as provided by the Act of 1917.

The judgment is affirmed.