## Pierkowski v. Nicholson.

*Fictitious trading name—Non-registration—Affidavit of defence—Acts of June 28, 1917, and May 10, 1921.*

1. Under the Act of May 10, 1921, P. L. 465, amending the Fictitious Names Act of June 28, 1917, P. L. 645, the failure of any person to register the name adopted does not impair the validity of a contract with such person.

2. In an action brought after the passage of the Act of May 10, 1921, where the plaintiff avers non-registration of defendant under the Act of 1917, an affidavit of defence which presents a good defence on the merits, and, without either admitting or denying such averment, denies its materiality, is sufficient.

Reargument of rule to show cause why judgment should not be entered for want of sufficient affidavit of defence. C. P. Luzerne Co., May T., 1923, No. 232.

Q. A. Gates and W. A. Valentine, for rule; J. R. Hessel, contra.

FULLER, P. J., Aug. 27, 1923.—Upon this reargument and further consideration of the nice point involved, we conclude that, in view of the Act of May 10, 1921, P. L. 465, amending the Fictitious Names Act of June 28, 1917, P. L. 645, judgment should not have been entered in this case for want of a sufficient affidavit of defence.

The affidavit is concededly sufficient except on the single point of neither admitting nor denying the plaintiff's averment of non-registration under the said Act of 1917, defendant merely denying materiality.

Such form of denial, of course, under the Practice Act of 1915, admits the fact of non-registration, which, prior to the said Act of 1921, would have stamped the contract with illegality, and would have sustained recovery by the plaintiff of the amount paid thereon, as we held in our former decision.

Said Act of 1921, however, expressly provides that the failure of any person to register "shall not impair nor affect the validity of any contract with such person or persons."

This certainly saves the contract, with the condition, later expressed in the act, that before the non-registering person can enforce the contract, he must comply with the said act and pay a license fee.

In the present case the non-registering person is not a plaintiff seeking to enforce the contract, but a defendant resisting recovery of money paid to him on a valid contract, and we think that he should be allowed to show by way of defence on the merits his right to retain the same.

We may refer to Lamb v. Condon, 276 Pa. 544; Sperry Co. v. Day, 3 D. & C. 13.

Hence, we revise our former decision, and, upon payment by defendant of costs already incurred by plaintiff, we will strike off the judgment, leaving ultimate liability for the costs to abide the final decision.

From F. P. Slattery, Wilkes-Barre, Pa.