Ross *v.* McMillan, Appellant.

Argued November 13, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH and GUNTHER, JJ. (ROSS and ARNOLD, JJ., absent).

*Charles C. Arensberg,* with him *Patterson, Crawford, Arensberg & Dunn,* for appellant.

*John D. Stedeford,* with him *Louis Vaira* and *Carmen V. Marinaro,* for appellees.

OPINION BY RENO, J., January 20, 1953:

Frank M. Ross, Sr., Elma Ross, Frank M. Ross, Jr., and Richard H. Ross, trading as Ross Lumber Company, sued appellant in assumpsit and recovered a verdict for $1366.53. Appellant's sole contention is that he is entitled to a new trial because plaintiffs had not registered under the Fictitious Names Act of May 24, 1945, P. L. 967, 54 P.S. §28.1 et seq., before they instituted this action.

The Act requires registration of assumed or fictitious names in the office of the Secretary of the Commonwealth and the prothonotary of the county wherein the principal place of business is conducted. Section 4, 54 P.S. §28.4, prohibits actions or recoveries upon contracts "until such person or persons comply with the provisions of this act", and provides that a fine of $25 shall be paid to the Secretary of the Commonwealth if an action is instituted "on any cause of action arising prior to the filing of the application" for registration.

This action was commenced on April 1, 1948. Plaintiffs registered on June 9, 1948, more than 2 months after the institution of the action. There is no evidence that they paid the $25 fine. Appellant admitted at the trial and here that he knew the identity of the persons who comprised the Ross Lumber Company. Thus, we are confronted by a hypertechnicality, which courts never view with favor.

Concerning the first Fictitious Names Act of June 28, 1917, P. L. 645, which was largely re-enacted by the Act of 1945, supra, it was said: "The purpose of the statute is obvious. It was intended to protect persons giving credit in reliance on the assumed or fictitious name and to definitely establish the identity of the individuals owning the business for the information of those who might have dealings with the concern. It was not intended to produce a confiscation of property, nor to relieve debtors from their honest obligations. . . . It is a penal regulation and should be so construed as not to extend its operations beyond the purposes for which it was evidently enacted:" *Engle v. Capital Fire Ins. Co.,* 75 Pa. Superior Ct. 390, 397, quoted with approval in *Lamb v. Condon,* 276 Pa. 544, 547, 120 A. 546. In *Rome S. & S. Station v. Finch,* 111 Pa. Superior Ct. 226, 228, 169 A. 476, where it was alleged that plaintiff had not registered under the Act of 1917, this Court said: "It does not appear that the defendant was deceived in any manner. He knew, from the contract he signed, with whom he was doing business", and affirmed an order refusing to strike off a judgment. "Those who deal with him [unregistered party] and accept the benefits of the transaction, with full knowledge of his true identity notwithstanding the assumed name, are estopped to deny his right to sue or their liability under the contract": 65 C. J. S., Names, §9, citing *Kocher v. Kocher et al.,* 300 Pa. 206, 150 A. 468.

The objectives of the Acts of 1917 and 1945 are the same, and the decisions under the former control the application of the latter. We hold, therefore, that where a defendant admits that he had full knowledge of the true identity of the persons who comprise an entity which is subject to, but not registered under, the Act of 1945, he is estopped from denying their right to sue or recover. If the fine has not been paid, plaintiffs will pay it or the Commonwealth will undoubtedly collect it.

The order of the court below refusing a new trial is affirmed.

Judge Ross did not participate in the consideration and decision of this case.