# Cohen v. Delaware, Lackawanna and Western Railroad Co.

*Myron A. Pinkus,* for plaintiff.

*Gomer W. Morgan* and *Walter L. Hill, Jr.,* for defendant.

ROBINSON, J., June 13, 1955.—This is an action in assumpsit brought by plaintiff consignee of an interstate shipment to recover for alleged damage to transported goods. Defendant, Southern Pacific Company, is the initiating carrier of the shipment while defendant, Delaware, Lackawanna and Western R. R. Co.,

is the delivering carrier. Both defendants filed preliminary objections to the complaint.

The complaint alleges that on December 3, 1951, 1105 lugs of grapes were delivered in good condition by the consignor at Sanger, California, to the Southern Pacific Company, the initial receiving carrier, for transportation in a refrigerator car to plaintiff consignee in Scranton, and that a through bill of lading was issued thereon for the shipment, that the shipment was transported by means of connecting carrier to defendant, Delaware, Lackawanna and Western R.R. Co., the delivering carrier, and arrived at destination in Scranton on December 12, 1951, in a frozen condition, that after due notice, protest and inspection of the goods in the hands of the delivering carrier, the grapes were transshipped to New York and sold at auction to mitigate damages and a loss occurred for which suit was brought. The action was instituted under the provisions of the Interstate Commerce Act of February 4, 1887, 24 Stat. at L. 386, as amended, 49 U. S. C. §20(1).

The objections of the Southern Pacific Company aver an absence of venue and a want of personal jurisdiction because of improper service. The objections of the Delaware, Lackawanna and Western R. R. Co. allege a lack of capacity in plaintiff to sue for failure to properly register a fictitious name under the Fictitious Names Act of May 24, 1945, P. L. 967, sec. 1, 54 PS §28.1, and includes a motion for a more specific complaint.

### Objections of Southern Pacific Co.

The sheriff's return of service represents that the complaint was served "upon Delaware, Lackawanna and Western Railroad Company and Southern Pacific Company, by handing to and leaving with J. E. Flynn, personally, as secretary to Superintendent W. G. Dorsey, a certified copy of the complaint . . . at their

place of business, City of Scranton, County of Lackawanna and State of Pennsylvania." It is clear that this service is insufficient to give the court jurisdiction over the Southern Pacific Company or to lay venue in this county. Service of process upon a corporation must be made upon an officer, partner, trustee, agent or person in charge of any office or place of business, appointed or statutory agent, or the Secretary of the Commonwealth: Pa. R. C. P. 2180. Here the return of service utterly fails to connect the person to whom the complaint was handed with the Southern Pacific Company in any capacity. Further, the objections allege that the said Mr. Flynn is not an agent or officer of defendant and has no authority to act for it and that the Southern Pacific Company owns no property, conducts no business, maintains no office and does not operate trains in Lackawanna County. These facts must be considered as true for want of answer to the objections. It is obvious that there is a complete failure to comply with the provisions of Pa. R. C. P. 2179 and 2180 and the Business Corporation Law of May 5, 1933, P. L. 364, amended August 19, 1953, P. L. 1119, sec. 10, 15 PS, §2852-1011, as well. It is, therefore, fatal to the validity of the service which must be set aside and the action dismissed.

### Objections of Delaware, Lackawanna & Western R. R. Co.

This defendant asks, by way of preliminary objections, (a) to have the action dismissed because of noncompliance with the Fictitious Names Act and (b) for a more specific statement of the cause in the complaint.

(a) From defendant's preliminary objections and plaintiff's answer the factual situation in respect to the alleged noncompliance with the Fictitious Names Act may be summarized as follows: The alleged cause

of action arose December 12, 1951, and this suit was instituted on November 5, 1954, by plaintiff "Max J. Cohen trading as Scranton Produce Company." The business name is clearly fictitious and compliance with the statute was necessary. On May 7, 1930, over two decades before the transaction, the name was registered in the Prothonotary's Office of Lackawanna County by Max J. Cohen and Jonas S. Cohen who stated that they were the persons interested in and the owners of the business. A similar registration was entered with the Secretary of the Commonwealth on May 8, 1930. These registrations were in effect when the suit was begun. On May 28, 1950, Jonas S. Cohen died and Max J. Cohen by Jonas' last will became the sole proprietor of the Scranton Produce Company. The name of Jonas Cohen was not withdrawn as allowed under section 7 of the statute until after the action was under way. Plaintiff also averred in answering the preliminary objections that defendant had actual knowledge of the proprietorship of the business, a fact which itself would estop defendant from asserting the disability created by the statute: Ross v. McMillan, 172 Pa. Superior Ct. 298. However, this averment can not be taken as true because the answer failed to endorse a notice to plead.

The single question on this point is: Where two persons register a fictitious name under the statute and one dies, is the survivor precluded from instituting suit for breach of a subsequent agreement because the withdrawal of the deceased registrant was not noted of record?

Concededly plaintiff was properly registered to do business as Scranton Produce Company and unless the death of his coregistrant and the failure to record his withdrawal vitiated the registration it must stand as a compliance with the statute. This point has not been before our appellate courts but it has been decided by

the Court of Common Pleas of Bucks County. In Willey v. Kaiser, 86 D. & C. 209 (1953) on facts identical with those before us, Judge Satterthwaite in a comprehensive and persuasive opinion held that the death of a coregistrant did not affect the survivor's rights to maintain an action. The case correctly points out that the survivor complied with the act and that the only noncompliance was by the deceased's representatives. In such instance plaintiff does all in respect to the statute that the law requires him to do and he is under no legal duty to file a withdrawal for the deceased. We adopt the reasoning and ratio decidendi of that decision and applying the same principles here hold that Max J. Cohen is not precluded by the provisions of the Fictitious Names Act of May 24, 1945, P. L. 967, 54 PS §28.1 from pursuing this litigation.

(b) We find no merit in the contention that the claim is not sufficiently and specifically pleaded. Pa. R. C. P. 1019 (a) requires that the material facts on which a cause of action is based must be "stated in a concise and summary form". The material allegations we have recited plead a sufficient cause of action under the provisions of the Interstate Commerce Act, 49 U. S. C. A., sec. 20 (11) and are informative to an extent which calls for an answer from the delivering carrier. Evidential material need not be incorporated into pleadings and, indeed, to do so is improper. Shipping and diversion orders, dates thereof and other matters in respect thereto, prices of goods and names of persons to whom sold, payments of freight charges and individuals connected therewith and similar matters are evidential and are properly omitted from pleadings. A party who desires such information may have resort to the Rules of Civil Procedure governing depositions and discovery, Pa. R. C. P. 4001, et seq.

Now, June 13, 1955, the preliminary objections of defendant, Southern Pacific Company, are sustained,

the service of the complaint is set aside and the action is dismissed as to that defendant; the preliminary objections of defendant, Delaware, Lackawanna and Western Railroad Co. are overruled and defendant is allowed 20 days to file an answer. Exceptions are allowed the parties.