## Byers v. Perma-Last Whitehall, Inc.

*Robert L. Ceisler*, for plaintiff.
*Jerome Hahn*, for defendant.

CURRAN, J., January 27, 1967.—Plaintiff filed his complaint in assumpsit-foreign attachment on March 1, 1966, and on April 12, 1966, he filed an amended complaint. After this, on May 31, 1966, defendant first filed preliminary objections, by which he sought to have the suit dismissed because of plaintiff's failure to register under the Fictitious Names Act of May 24, 1945, P. L. 967. Plaintiff admitted that he failed to register before suit was filed, but on June 21, 1966, he

did comply with the provisions of the registration act. Also, in the preliminary objections, defendant asks plaintiff for a more specific complaint. Since depositions of the parties were taken on July 15, 1966, and July 21, 1966, defendant has had ample opportunity to obtain the specificity he sought in his preliminary objections, so this demand is no longer valid. However, the question of plaintiff's failure to comply with the Fictitious Names Act cannot be so easily dismissed.

Under the appellate decisions, it is held that the purpose of the Fictitious Names Act is to provide protection for those who deal with persons carrying on a business under an assumed name, and to enable them to know with whom they do business, and to identify those against whom claims for damages should be made. These decisions do not hold that the act brings on a state of complete repose so that a suit filed before such registration has been completed must summarily be dismissed. We believe the present case to be ruled by the decision in Ross v. McMillan, 172 Pa. Superior Ct. 298 (1953). In Ross, speaking of the Fictitious Names Act, it is said: "It is a penal regulation and should be so construed as not to extend its operations beyond the purposes for which it was evidently enacted. . . . 'It does not appear that the defendant was deceived in any manner. He knew, from the contract he signed, with whom he was doing business. . . .' " The depositions taken in the present case, regardless of the purpose for which they were taken, clearly bring it within the ruling in Ross. Courts may not be blind to pertinent facts appearing in the record. For these reasons, defendant's preliminary objections are overruled.

## Order

And now, January 27, 1967, defendant's preliminary objections are overruled and 20 days is given to answer on the merits.