## Neumann v. Ross

*Joseph T. Doyle*, for plaintiffs.
*Thomas C. Dick*, for defendants.

LIPPINCOTT, J., March 7, 1968.—Plaintiffs demand a real estate broker's commission based upon a written agency agreement. Preliminary objections to the amended complaint have been filed on the ground that the action is barred by the Real Estate Brokers License Act of May 1, 1929, P. L. 1216, sec. 1, 63 PS §431.

The complaint alleges that the contract was entered into by Emile D. Neumann and Mildred M. Neumann, t/a Neumann Associates (plaintiffs). Both husband and wife-plaintiff are duly licensed brokers under the Real Estate Brokers License Act, supra. However, the partnership name, "Neumann Associates", is not licensed.

The sole issue, therefore, is whether plaintiffs' failure to have the partnership itself licensed bars this action under section 16 of the Real Estate Brokers License Act, supra, 63 PS §446, which provides as follows:

"No action or suit shall be instituted, nor recovery therein be had, in any court of this Commonwealth by any person, copartnership, association, or corporation for compensation for any act done or service rendered, the doing or rendering of which is prohibited under the provisions of this act to others than licensed real estate brokers, unless such person, copartnership, as-

sociation or corporation was duly licensed hereunder as real estate broker at the time of the doing of such act or the rendering of such service".

We feel that the failure to license the partnership name does not bar the present action.

The purpose of the Real Estate Brokers License Act is to protect the general public from being defrauded by irresponsible persons. It is not intended to relieve debtors from their obligations. See Kachulis v. George, 42 D. & C. 2d 617, 619; Gillingham, Jr., v. Cuthbert, 88 D. & C. 319, 329; Verona v. Schenley Farms Co., 312 Pa. 57.

The basis for denying an unlicensed broker a right to sue under the Real Estate Brokers License Act is that such a claim rests upon an illegal foundation: Burns v. Gartzman, 139 Pa. Superior Ct. 453. Since both plaintiffs were properly licensed and fully competent to enter into the contract, no such illegal foundation existed. The act, being penal in nature, should be so construed as not to extend the obligations beyond the purposes for which it was enacted: Ross v. McMillan, 172 Pa. Superior Ct. 298.

To hold that either or both plaintiffs can sue, but that their partnership, consisting of themselves only, cannot, would extend the statutory limitation to a purpose not intended. This would be purely a hypertechnicality, never viewed with favor by the courts: Ross v. McMillan, supra.

Accordingly, we enter the following:

ORDER

Now, March 7, 1968, it is ordered and decreed that defendants' preliminary objections be and the same are hereby overruled; defendants are allowed 20 days from receipt of a copy of this opinion and order within which to file an answer.