## Hanover Shoe Farms, Inc. v. Tidwell

*Edwin M. Buchen*, for plaintiff.

*John W. Phillips*, for defendants.

MacPHAIL, *P. J.*, January 29, 1976.—This is a foreign attachment proceeding by which plaintiff seeks to recover fees for breeding services furnished by stallions owned by plaintiff and for board and keep of defendants' mare and foals. Defen-

dants have filed a motion for judgment on the pleadings, alleging that plaintiff has failed to comply with the provisions of section 1 of the Act of May 10, 1893, P. L. 37, 3 PS §651, and that, therefore, they have forfeited all fees for services of their stallion: Section 2 of the Act of 1893, supra.

Plaintiff admits noncompliance with the Act of 1893 but says that that act has been impliedly repealed by the Act of June 3, 1911, P. L. 631, as last amended on July 31, 1968, P. L. 1016, 3 PS §661, et seq. Plaintiff also contends that even if the Act of 1893 is still in full force and effect, defendants are estopped from raising the statute as a defense because, in fact, they were actually aware of all of the information required by the statute at the time they entered into the contract for services with plaintiff.

At the outset, we must note that we cannot enter judgment for defendants as to the full amount of plaintiff's claim, since part of that claim is for "board and keep." The Act of 1893, supra, relates to service (breeding) charges only.

Neither party has found any cases which have considered, much less disposed of, the issues raised here. Section 1 of the Act of 1893, supra, requires the owner of a stallion who charges a fee for the stallion's services to file a written statement in the office of the clerk of the courts setting forth the name, age, pedigree, record and description of the stallion and the terms and conditions upon which the stallion will serve. When such a statement is filed, the clerk, for a fee of $1, is directed to issue a certificate which is then to be posted in a conspicuous place by plaintiff. Section 2 of the act provides that anyone "who shall neglect or refuse to comply with the provisions of section one of this act, shall forfeit all fees for the services of such stallion."

As originally written, the Act of 1911, supra, provided that the owner of any stallion or jack should enroll the name, description and pedigree of such stallion or jack with the Bureau of Animal Industry of the Department of Agriculture. After the animal was examined by a veterinarian, the bureau would issue a license certificate to the owner. The owner was then required to record the certificate with the prothonotary and to display the certificate at "each and every stable where the stallion or jack stands." In 1968, the Act of 1911 was amended to eliminate the requirement that the certificate be recorded in the prothonotary's office. It is also noted that the Bureau of Animal Industry was abolished and its duties vested in the Department of Agriculture.

Plaintiff argues that the two acts fall within the provisions of the Act of November 25, 1970, P. L. 707, as amended, 1 Pa. C.S. §1936, which provides that where two statutes are irreconcilable, the latest in date of final enactment shall prevail. Defendants argue that the two statutes are not irreconcilable and that each serves a different purpose. While defendants certainly have raised a substantial question for our consideration, we are of the opinion that the Act of 1911 has impliedly repealed the Act of 1893. Naturally, everyone, and particularly the court, would feel much more comfortable if the legislature had acted to repeal the statute specifically. However, this is not the first, nor will it be the last, time that we have two parallel statutes covering the same subject matter which do not specifically refer to one another.

It goes without saying that no useful purpose whatsoever would be served by having the owner of a stallion obtain a certificate from the clerk of courts upon filing certain statistical information in

that office and then thereafter to obtain another certificate from the Department of Agriculture based upon the same information. If that were true, the owner would then post both certificates in the stallion's barn each of which would conceivably authorize defendant to charge a fee for the stallion's services. It seems that this would not only be a duplication of effort for no purpose but would also clutter the stallion's stable.

We think a more logical explanation of the two statutes is that the legislature finally realized that filing certificates relating to a stallion's service fees in any county office was unnecessary and would do nothing to promote horse breeding in the Commonwealth let alone protect anyone from fraud or abuse. However, when the legislature in the Act of 1911 provided for a veterinary examination of a stallion before a license would be issued, and also provided for licensing which would be effective regulation rather than the perfunctory act of a clerk in issuing a certificate upon the mere filing of a statement by the owner, something worthwhile would be accomplished. In summary, we feel that this is an instance where the legislature neglected to repeal a specific act even though the subject matter was covered by a later statute.

There is also much to be said for plaintiff's argument that defendants are estopped from raising the provisions of the Act of 1893 as a defense to the instant suit. The Act of May 24, 1945, P. L. 967, as amended, 54 PS §28.1, et seq., requires persons who desire to do business in Pennsylvania under an assumed or fictitious name to first register the business name with the Secretary of the Commonwealth and with the prothonotary. It is provided in section 4 of that act that no action may be instituted

or recovery had on any contract until the provisions of the statute have been satisfied. However, our courts have held that where parties have true knowledge of the persons using the assumed name, they could not raise the provisions of the statute as a bar to actions against them by such persons. See Ross v. McMillan, 172 Pa. Superior Ct. 298, 93 A.2d 874 (1953), and Macy v. Oswald, 198 Pa. Superior Ct. 435, 182 A.2d 94 (1962). In the Ross case, the court quoted with approval language from Engle v. Capital Fire Insurance Co., 75 Pa. Superior Ct. 390 (1921), wherein it was said that the act (relating to assumed names) was not intended to produce a confiscation of property nor to relieve debtors from their honest obligations. If defendants actually knew plaintiff's identity, they were not permitted to raise the statute as a defense.

Here, the plaintiff is suing on written agreements allegedly signed by each of defendants. The "service fees" allegedly agreed upon range from $5,000 to $15,000. It seems obvious to us that persons would not obligate themselves to such substantial fees unless and until they had fully satisfied themselves of the stallion's name, age, pedigree, record, description and the terms and conditions upon which the stallion would serve. Therefore, we hold that defendants are estopped from raising the defense of the statute of 1893, assuming that such statute has not been impliedly repealed by the Act of 1911 as we have held herein.

## ORDER

And now, January 29, 1976, for the reasons hereinbefore set forth, the motion for judgment on the pleadings is denied.