## Lynn Engineering & Manufacturing Co., Inc. v. Achey (No. 1)

*Charles A. Achey, Jr., R. S. Trigg* and *Allen H. Krause,* for plaintiff.
*David J. Brightbill,* of *Lewis, Brubaker, Christianson & Brightbill,* for defendants.

WALTER, *J.,* January 30, 1976—This matter comes before us following a lengthy period involving the exchange of pleadings, entering and opening a judgment, appeal and participation in discovery proceedings. Suit was initiated by plaintiff for defendants' failure to make full payment to it as required by the terms of a certain contract. Factually, the obligor to the contract was LEMCO, either an acronym used by plaintiff in its business dealings or a fictitious name, whatever one's point of view.

After pleadings were closed, some depositions taken and the admission by plaintiff of several facts, defendants filed their motion for summary judgment. Argument was held November 24, 1975. The basis for defendants' motion: failure of plaintiff to lawfully register the name LEMCO by which it did business with defendants.

Section 5 of the Fictitious Corporate Name Act provides:

"No corporation . . . shall hereafter conduct any business in this Commonwealth under any fictitious name, unless such corporation shall have first registered the fictitious name . . . in the office of the

Secretary of the Commonwealth.": Act of July 11, 1957, P.L. 783, 15 PS §55.

While the act further provides: "The failure of any corporation [to comply] . . . shall not impair or affect the validity of any contract which such corporation shall be a party to," it goes on to state clearly: ". . . no action [at law or in Equity] shall be instituted or recovery had . . . when such contract shall arise out of a transaction with respect to which such corporation used such fictitious name . . . until the corporation complies with the provisions of this act.": 15 PS §63. Finally, the same section in its latter portion seems to clearly and indubitably preclude the *initiation* of any legal action by a corporation which failed to register its fictitious name without having first paid a fine of $300 for the failure to register.

At first blush, the statute seems to choke on inconsistent, indigestible ruminations. However, one must read the last part with the earlier portion and consider the legislative intent behind it; then, it makes sense. For it was intended to establish the identity of individuals owning a business for the information of those who might have dealings with the concern. It was not intended to confiscate judgments or property nor to relieve debtors from their honest obligations. It is a penal regulation and should be so construed as not to extend its operation beyond the purposes for which it was evidently enacted: Engle v. Capital Fire Ins. Co., 75 Pa. Superior Ct. 390 (1921); Lamb v. Condon, 276 Pa. 544, 120 Atl. 546 (1923); Ross v. McMillan, 172 Pa. Superior Ct. 298, 93 A. 2d 874 (1953).

Hence, even if a corporation doing business by an unregistered name does start suit upon a cause of action arising out of that business, it may continue

with its litigation but only after paying the stated fine and under appropriate circumstances, as we shall see.

In considering defendants' motion for summary judgment, "the court must accept as true all facts well pleaded and inferences reasonably deductible therefrom; judgment should be entered only where it is clear that no meritorious legal defense is raised.": Necho Coal Co. v. Denise Coal Co., 387 Pa. 567, 128 A. 2d 771 (1957). Further, the court may consider all pleadings, depositions, admissions on file and supporting affidavits, if any. It has done so here.

Plaintiff, in response to defendants' request for admissions of facts under Rule 4014, admitted "that the name LEMCO is not a registered fictitious name of the plaintiff . . ." But LEMCO was the name of the party of the first part in the contract on which plaintiff's cause of action was predicated. Does the mere fact—failure to properly register the fictitious name by which it was doing business with defendants prior to filing its complaint—put plaintiff out of court?

Defendants contend it does, urging strict application of the statute to the factual situation at bar as articulated by the Supreme Court in Gottlieb v. Homestead Steel Works, Employees Federal Credit Union, 197 Pa. Superior Ct. 30, 176 A. 2d 103 (1961). In that case, however, there was no suggestion that defendant knew who was trading under the fictitious name used. Nor was there any waiver or estoppel on the part of defendant offered by plaintiff as reason for the court to arrest the operation of the statute against him.

Here, however, we have an equine of an altogether different hue. Correspondence between

counsel for the parties would establish defendants' knowledge of the true identity of those dealing under the name LEMCO. That fact seems rather clear early on. Even the pleadings filed by defendants, their petition to open judgment and answer to complaint with new matter, refer to plaintiff in a connective way with LEMCO.

The issue is not that defendants failed to use preliminary objections to raise the question of plaintiff's failure to register their fictitious name, but whether defendants knew with whom they were dealing despite their failure to register. The answer to that query decides the issue of waiver. In the opinion of this court, defendants did know with whom they were dealing. Consequently, they are estopped from asserting, as a defense, plaintiff's failure to lawfully register the fictitious name of LEMCO.

The facts fall four-square with those considered by the court in Ross v. McMillan, supra, cited with approval in Macy v. Oswald, 198 Pa. Superior Ct. 435, 182 A. 2d 94 (1962). The court held there: ". . . where the defendant admits he had full knowledge of the true identity of the persons who comprised the entity which was subject to, but not registered under the Fictitious Name [Registration] Act, he is estopped from denying their right to suit or recovery." To construe the statute in the fashion advocated by defendants to bottom the grant of summary judgment would be to base the order on a hypertechnicality. We do not intend to do so.

However, the case is not yet ready for trial. While plaintiff, meanwhile, has registered its fictitious name by which it did business, no evidence has been submitted to this court to prove it paid the civil

penalty prescribed by law. See Act of July 11, 1957, P.L. 783, 15 PS §63.

Accordingly, we enter the following

## ORDER

And now, to wit, January 30, 1976, defendants' motion for summary judgment is denied. Plaintiff shall file with this court evidence it paid the civil penalty prescribed by the Act of July 11, 1957, P.L. 783, sec. 13, 15 PS §63, before proceeding to trial.