## Bachman v. Nibert

*R. Bruce Manchester,* for plaintiffs.
*Richard A. Gray,* for defendants.

BROWN, JR., *P.J.,* November 15, 1982—

## FACTUAL BACKGROUND

This matter comes before the court pursuant to preliminary objections filed by plaintiffs Larry C. Bachman and Kathleen C. Bachman to a counterclaim asserted by defendants Donald Nibert and Jack Pivirotto, trading and doing business as Forestry Consulting Services.

The controversy in this case centers around the terms and breach of an oral contract admittedly entered into between the parties. In response to plaintiffs' complaint, defendants have filed a counterclaim seeking money due under the contract and damages incurred as a result of misinformation supplied by plaintiffs to defendants.

Plaintiffs have filed preliminary objections challenging defendants' right to assert the counterclaim. They contend that defendants have failed to register pursuant to the Fictitious Names Act, 54 PS.§28.1 et seq. and are, therefore, barred from maintaining an action.

The parties have stipulated to the following:

"1. At all times relevant to the above-captioned litigation, Defendants had not registered the name 'Forestry Consulting Services' as a fictitious name pursuant to 54 P.S. 28.1 et seq.

2. At all times relevant to the above-captioned cause of action, Plaintiffs had full knowledge of the identity of Donald Nibert and Jack Pivirotto as being the persons who comprised the entity known as Forestry Consulting Services, and that those two individuals were the persons with whom they were contracting."

## DISCUSSION

Any individuals who conduct business in this Commonwealth under an assumed or fictitious name are required to file an application, under oath, setting forth certain specified factual information. See 54 P.S. §28.1. Failure to file such an application precludes the use of the court system to attempt to enforce any contracts entered into by persons on behalf of the business which is operating under the fictitious name. See 54 P.S. §28.4.

The Pennsylvania Superior Court, in Ross v. McMillan, 172 Pa.Super. 298, 93 A.2d 874 (1953), was asked to grant the defendant a new trial on the basis the plaintiff had failed to register its fictitious name pursuant to Section 28.4 of the Fictitious Names Act. The court affirmed the lower court's refusal to award a new trial holding

"that where a defendant admits that he has full knowledge of the true identity of the persons who comprise an entity which is subject to, but not registered under, the [Fictitious Names Act], he is estopped from denying their right to sue or recover." Ross, supra, Pa.Super. at 301, A.2d at 875.

See also Kauffman v. Bebenek, 40 Northumb. L.J. 35 (1967), and Mathews v. Jaspert, 115 P.L.J. 119 (1967).

Accordingly, in light of Paragraph 2 of the stipulation, plaintiffs' preliminary objections must be denied.

## ORDER

And now, this November 15, 1982, upon consideration of plaintiffs' preliminary objections to defendants' counterclaim, said objections are denied.