## Pohida v. T & F

*Allen T. Reishtein,* for plaintiffs.
*David L. Glassberg,* for defendant.

DALESSANDRO, *J.,* March 13, 1985—

### NATURE OF PROCEEDINGS

This matter is before the court on the preliminary objections filed by defendant.

### HISTORY AND FACTS

On March 20, 1980, plaintiffs filed a complaint in trespass in Schuylkill County, alleging that pursuant to an oral contract defendant became indebted to plaintiff in the amount of $8,465. On July 30, 1980, defendant filed preliminary objections raising the question of venue, a motion for more specific

pleading, and the defense of lack of capacity to sue. By an order of court dated December 27, 1982, the present case was transferred to the Court of Common Pleas of Luzerne County.

On November 21, 1984, pursuant to an order of court, defendant's preliminary objections were dismissed. However, pursuant to a hearing held on January 3, 1985, before the Honorable Bernard C. Brominski, defendant's preliminary objections were reinstated. On January 30, 1985, plaintiffs filed an answer to these preliminary objections; also on that date, oral argument on this issue was requested on behalf of plaintiffs. Briefs were submitted on behalf of defendant on January 7, 1985 and on behalf of plaintiffs on January 30, 1985. By agreement of counsel, oral argument was waived on February 7, 1985.

## DISCUSSION AND LAW

Defendant's preliminary objections are in the nature of a petition raising the question of venue, a motion for more specific pleading, and a petition raising the defense of lack of capacity to sue. The venue question was disposed of by the Schuylkill County Court of Common Pleas on December 27, 1982; only the remaining two objections are before this court for disposition.

"A motion for a more specific complaint, under Pa.R.C.P. 1017(b)(3), is available so that a defendant's right and ability to answer and defend will not be unduly impaired by a plaintiff's vagueness in stating the grounds of his suit." Local no. 163, I. Union v. Watkins, 417 Pa. 120, 122, 207 A.2d 776, 778 (1965). However, "a motion for a more specific pleading should not be used to make a party plead evidentiary matters." First Nat'l. Bk. of Mocanaqua

v. Halliday, 71 Luzerne L.R. 12, 15 (1981). After careful review of the complaint, we are satisfied that it, when taken as a whole, sufficiently apprises defendant of the nature of the claim which it will be required to defend. Accordingly, defendant's motion for more specific pleading is denied.

Defendant's next preliminary objection raises the defense of lack of capacity to sue, pursuant to Pa.R.C.P. 1017(b)(5). Plaintiffs' complaint, at paragraph one, alleges:

"The plaintiffs are Eugene Pohida and Bernice Pohida, his wife, trading and doing business as G & B Excavating Company, a partnership involved in the business of heavy equipment operation and excavation with its principal place of business at Box 215, Haddock, Schuylkill County, Pennsylvania." However, in their answer to preliminary objections, at paragraph six, plaintiffs admit that although they are individuals trading and doing business as G & B Excavating Company, "Bernice Pohida is incorrectly identified as a plaintiff and Beverly Pensock should be substituted as a party plaintiff for Bernice Pohida."

Defendant raises the defense of lack of capacity to sue on the basis that plaintiffs have not registered to do business under their fictitious name, as evidenced by the records of the Corporation Bureau of the Pennsylvania Department of State.

As of the date of the filing of the complaint, actions brought in assumpsit by persons using an unregistered fictitious name were governed by 54 P.S. §28.4.*

"§28.4 Failure to comply with law; contracts; actions

---

* This statute was repealed on December 16, 1982 and has been substantially replaced by 54 Pa.C.S. §501.

"The failure of any such person or persons to file the applications aforesaid in the office of the Secretary of the Commonwealth or in the office of the prothonotary shall not impair or affect the validity of any contract with such person or persons, and actions or proceedings at law or in equity may be instituted and maintained on any such contract, but no such actions shall be instituted or recovery had by any such persons on any such contract, either expressed or implied, in any of the courts of this Commonwealth or before any justice of the peace or magistrate thereof, until such person or persons comply with the provisions of this act: And provided further, Before any such person or persons may institute any action in any of the courts of this Commonwealth or before any justice of the peace or magistrate thereof, on any cause of action arising prior to the filing of the application provided for in this section, such person or persons shall pay to the Secretary of the Commonwealth for the use of the Commonwealth a license fee or fine of $25. This act shall apply to all actions pending at the date of the passage of this act: Provided, That the plaintiff in any such suit shall pay all costs accrued prior to compliance with the provisions of this act: Provided, That this act shall not apply to any cases adjudicated at the date of the passage of this act. 1945, May 24, P.L. 967, §4." Attached to plaintiffs' answer to preliminary objections are copies of completed applications for conducting business under a fictitious name, which were filed with the Prothonotary of Schuylkill County on July 31, 1980, and with the Corporation Bureau of the Pennsylvania Department of State on March 22, 1982. A review of the facts indicate that plaintiffs' fictitious name was registered shortly after suit was instituted.

Our sister court in Washington County was faced with determining an issue identical to the one before us now. In Byers v. Perma-Last Whitehall, Inc., 41 D.&C. 2d 699 (1967), a defendant, through preliminary objections, sought to have the suit against him dismissed because of plaintiff's failure to register under the Fictitious Names Act of May 24, 1945; plaintiff admitted his failure to file previous to instituting his suit, but the facts indicate that plaintiff did comply with the act approximately three and one-half months after the commencement of suit. According to Byers:

"Under the appellate decisions, it is held that the purpose of the Fictitious Names Act is to provide protection for those who deal with persons carrying on a business under an assumed name, and to enable them to know with whom they do business, and to identify those against whom claims for damages should be made. These decisions do not hold that the act brings on a state of complete repose so that a suit filed before such registration has been completed must summarily be dismissed." Byers at 700. Byers cites Ross v. McMillan, 172 Pa. Super. 298, 93 A.2d 874 (1953), which interpreted and applied the act as follows:

"It is a penal regulation and should be so construed as not to extend its operations beyond the purposes for which it was evidently enacted. . . . It does not appear that the defendant was deceived in any manner. He knew, from the contract he signed, with whom he was doing business." (Ellipsis and quotation marks in original.) Byers at 700, citing Ross at 300, 93 A.2d at 875. Ross concluded that where a defendant admits that he had full knowledge of the true identity of persons who comprise an entity which is subject to but not registered under

the act of 1945, he is estopped from denying their right to sue or recover. Ross at 301, 93 A.2d at 875. The Byers court reviewed the depositions before it, applied the rationale of Ross, and overruled defendant's preliminary objections.

In the case presently before us, on January 30, 1985, the deposition of Santo Tedesco was taken in the presence of John Edward Jones, III, Esq., on behalf of plaintiffs, and David L. Glassberg, Esq., attorney for defendant. Mr. Tedesco is the president of defendant corporation; in 1978, he contacted plaintiff Eugene Pohida in order to rent heavy equipment. Mr. Tedesco's testimony reveals that he entered into a subcontracting contract with Mr. Pohida, and when T & F Equipment Company, Inc. was paid by its contractor, "I [Tedesco] would pay G & B, whatever it is."

This testimony squarely brings the present case within the ruling of Ross, supra, as applied by Byers, supra. "Courts may not be blind to pertinent facts appearing in the record." Byers at 700. Defendant, through its corporate officer, was fully aware of with whom it was doing business. Accordingly, this preliminary objection is also overruled.

An appropriate order will be entered.

## ORDER

Now, this March 13, 1985, it is hereby ordered as follows:

(1) The preliminary objections of defendant are hereby overruled.

(2) Plaintiffs are granted leave to file an amended complaint within 20 days of this date, to the extent necessary to correct the names of the individual party plaintiffs in this action, pursuant to Pa.R.C.P. 1033 and this opinion.