# Fremd v. Horne

*John S. Cupp Jr.,* for plaintiff.
*David L. Robinson,* for defendant.
*B. Patrick Costello,* for additional defendant.

WAGNER, *J.,* September 25, 1990—This matter is before the court on the preliminary objections of the original defendant, Thomas Horne, and the additional defendants, Adam Eidemiller Inc. and C.B. Tracey and Associates Inc., to plaintiff's amended complaint seeking recovery of money alleged to be due for services rendered to original defendant. The preliminary objections are in the nature of a motion to strike the amended complaint of plaintiff because of lack of conformity to law and raises the defense of lack of capacity to sue. We agree.

Plaintiff, Mark S. Fremd, M.D., filed a complaint against original defendant seeking payment of $4,585 for services rendered to original defendant on April 22, 1988, and continuing through August 1988.

The original defendant joined the additional defendants, Adam Eidemiller Inc. and C.B. Tracey and Associates Inc. Adam Eidemiller Inc., t/d/b/a The Sheraton of Greensburg, is the employer of original defendant's wife. C.B. Tracey and Associates Inc. is the insurance carrier for Adam Eidemiller Inc.

Plaintiff initiated this suit under the caption of Mark S. Fremd, M.D., d/b/a Family Health Care Center. "Family Health Care Center" is not registered as fictitious name to be used by plaintiff in the Department of State under the Fictitious Names Act, 54 Pa.C.S. §301 et seq. However, there is a properly registered Pennsylvania corporation named "Family Health Care Center Inc." which is a distinct and different entity from plaintiff.

After oral argument on May 22, 1990, the Honorable Judge Franks sustained the preliminary objections and gave plaintiff 20 days to amend the complaint. Plaintiff filed an amended complaint for the same claim only designating plaintiff as Mark S. Fremd, M.D. Presently before us are the original and additional defendants' preliminary objections to the amended complaint which raise issues under the Fictitious Names Act.

Initially, we note that preliminary objections admit as true only facts that are well pled, material and relevant, and preliminary objections will be sustained only if clear and free from doubt. *Triage Inc. v. Commonwealth, Dept. of Transportation,* 113 Pa. Commw. 348, 354, 537 A.2d 903, 907 (1988). In their first preliminary objection, all defendants contend that plaintiff's changing of the caption in the amended complaint to plaintiff's name only and not including "d/b/a Family Health Care Center" is not in compliance with the Fictitious Names Act, and therefore, this suit should be dismissed. The invoice for services allegedly provided by plaintiff is on

stationary captioned "Family Health Care Center." It is signed by Mark Fremd, M.D., "Medical Director."

The Fictitious Names Act requires any individual doing business under a name other than his or her proper name to register the fictitious name by filing a statement with the Department of State which sets forth, inter alia, the name and address of each individual interested in the business. 54 Pa.C.S. §311. The act provides that no entity which has failed to register a fictitious name in violation of the act shall maintain an action in any tribunal of this Commonwealth until such entity has registered. 54 Pa.C.S. §331(a).

In the present case, defendants argued that plaintiff is trading under the fictitious name "Family Health Care Center," an unregistered entity in Pennsylvania. The registration requirements of the Fictitious Names Act applies to entities conducting business under an "assumed or fictitious name, style or designation other than the proper name of the entity using such name." 54 Pa.C.S. §302.

The obvious purpose of the Fictitious Names Act is to protect persons giving credit in reliance on the assumed or fictitious name and to definitely establish the identity of the individuals owning the business for the information of those who might have dealings with the concern. It was not intended to produce a confiscation of property, nor to relieve debtors from their honest obligations. *Lamb v. Condon,* 276 Pa. 544, 120 A. 546 (1923); *Ross v. McMillan,* 172 Pa. Super. 298, 93 A.2d 874 (1953).

In the instant case, the name "Family Health Care Center" does not identify the actual names of the parties operating the business. Our Supreme Court in *Merry v. Zoning Bd. of Adjustments,* 406 Pa. 393, 178 A.2d 595 (1962), held that a "medical

324

center" is said to exist where there is some central control, some unification and some form of association among the physicians using the premises. The term "medical center" is not used to apply to just a building that offers rent and space to the medical profession. *Id.* The court in defining "medical center" focused on the various uses of the word "center." Of all the definitions of a center, the most apt of which is that it is a place in or around which things of like kind or people with common objects and interests group themselves. *Id.*

We find that plaintiff's use of the word "center" in a trade name constitutes a fictitious or assumed name under the Fictitious Names Act, requiring registration of the name before an action may be maintained in the courts of this Commonwealth. 54 Pa.C.S. §301(a). The mere changing of the caption on the amended complaint is not compliance within the meaning of the statute. See 54 Pa.C.S. §301 et seq. Accordingly, we sustain the preliminary objections of the original defendant and the additional defendants.

We will not address the second preliminary objection which raises the defense of plaintiff's lack of capacity to sue because of failure to register "Family Health Care Center" in compliance with the provisions of the Fictitious Names Act as our determination of the motion to strike is dispositive of this matter.

In accordance with the foregoing, we hereby make the following

## ORDER

And now, September 25, 1990, it is hereby ordered that the preliminary objections of the original defendant and the additional defendants in the na-

ture of a motion to strike plaintiff's amended complaint are hereby sustained, and plaintiff's amended complaint is dismissed.