565 A.2d 811
**COMMONWEALTH of Pennsylvania**
v.
**Alfred JONES, Jr., Appellant.**
Superior Court of Pennsylvania.
Argued Oct. 5, 1989.
Filed Nov. 2, 1989.

Daniel McGee, State College, for appellant.
Ray F. Gricar, Dist. Atty., Bellefonte, for Com.

Before McEWEN, TAMILIA and JOHNSON, JJ.

TAMILIA, Judge:

Appellant Alfred Jones, Jr. was charged on October 4, 1985 with driving under the influence [1] on the evening of September 30, 1985. Appellant applied for Accelerated

---

1. 75 Pa.C.S. § 3731(a)(1), (4).

Rehabilitative Disposition (hereinafter "ARD") and was recommended for the program by the Centre County district attorney's office. Appellant was placed on ARD status on February 13, 1986, and following the required hearing and colloquy the court entered an Order placing appellant under the supervision of the Centre County adult probation department for a period of twelve months from February 13, 1986 and subject to certain conditions. One of the enumerated requirements stated appellant "shall abide by and not violate any laws or statutes of this Commonwealth during his probationary period...." On February 4, 1987, the Centre County district attorney filed a petition to terminate appellant's ARD status based on the filing of a criminal complaint on February 4, 1987, charging appellant with driving under the influence on January 29, 1987. Following a termination hearing on April 2, 1987, the court granted the petition by Order dated April 7, 1987. On April 13, 1987, the date of jury selection, appellant filed a motion to dismiss the case as violative of Pa.R.Crim.P. 1100 because appellant was not brought to trial within 180 days of the October 4, 1985 complaint. From April 13, 1987 to October 12, 1987, appellant obtained three continuances while awaiting disposition of his motion to dismiss. After a nonjury trial on November 20, 1987, appellant was found guilty of the offense charged. All post-trial motions for a new trial and in arrest of judgment having been denied, appellant brings this appeal from the October 20, 1988 judgment of sentence of a $300 fine, imprisonment of not less than 48 hours, psychiatric and psychological evaluations and counseling, safe driving school and suspension of driving privileges.

Appellant's sole issue on appeal is the application of Pa.R.Crim.P. Rule 1100 [2] to ARD, particularly termination

2. Rule 1100 was amended December 31, 1987, effective immediately. Unless otherwise specified, all references herein to Rule 1100 are to the Rule prior to its amendment, and listed in pertinent part as follows.

of that status, and appellant has framed the questions involved as follows.

I.    Is the 120 day period under Pa.R.Crim.P. 1100(e)(1) for commencing trial after a new trial has been awarded applicable to this case?

II.   Is the time between the filing by the Commonwealth of a petition to revoke ARD and the disposition of that petition by the court excludable from the Rule 1100 period for the commencement or [sic] trial?

### Rule 1100.  Prompt Trial

(c)(1) At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial.

(2) A copy of such motion shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon.

(3) Such motion shall set forth facts in support thereof, and shall be granted only upon findings based upon a record showing that trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth and, if the delay is due to the court's inability to try the defendant within the prescribed period, upon findings based upon a record showing the causes of the delay and the reasons why the delay cannot be avoided.

(4) Any order granting a motion for extension shall specify the date or period within which trial shall be commenced.  Trial shall be scheduled for the earliest date or period consistent with the extension request and the court's business, and the record shall so indicate.

(d) In determining the period for commencement of trial, there shall be excluded therefrom:

(1) The period of time between the filing of the written complaint and the defendant's arrest;  provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence;

(2) any period of time for which the defendant expressly waives Rule 1100;

(3) such period of delay at any stage of proceedings as results from:

(i) the unavailability of the defendant or his attorney;

(ii) any continuance granted at the request of the defendant or his attorney.

(e)(1) When a trial court has granted a new trial and no appeal has been perfected, the new trial shall commence within one hundred and twenty (120) days after the date of the order granting a new trial.

III. Did the Commonwealth meet its burden of proving that the time beyond the 180 day period under Rule 1100 was properly excluded?

IV. Was the Commonwealth required to seek an extension of time for commencement of trial under Rule 1100(c) in the circumstances of this case?

The basis of appellant's argument is his contention Rule 1100(a)(2) established the applicable time period for the commencement of trial as 180 days from the date on which the complaint against him was filed.

Rule 1100(d) specifies the excludable time from the Rule 1100 period. Rule 1100(c) provides the procedures for extending the time for commencing trial for cause shown by the Commonwealth. All delay beyond the mandatory time period must either be excluded under Rule 1100(d) or extended under Rule 1100(c). There is no ambiguity which would permit an application of Rule 1100(e)(1) by analogy.

(Brief of appellant at pp. 6–7.)

We cannot agree. Pa.R.Crim.P. 178(3) provides the defendant must agree, as a requirement for admission to ARD, to waive his Rule 1100 protections "during the period of enrollment in the program." The parties stipulated 132 days passed from the date the complaint was filed until appellant was placed in ARD, and the only Rule 1100 waiver appellant made was at the ARD hearing. There was no stipulation by the parties as to the length of the ARD waiver. Appellant contends the waiver only existed for the twelve-month period of the ARD, from February 13, 1986 to February 13, 1987, and therefore the remaining 48 days in which to commence trial expired on April 2, 1987.

Appellant correctly emphasizes although Rule 1100 must be interpreted as written, it should not be interpreted in a vacuum, but rather viewed by this Court in light of the purpose and intent of the rule and the consequences of a particular interpretation. 1 Pa.C.S. § 1921; Pa.R.Crim.P. 2.

Making such an analysis, then, we find appellant's Rule 1100 waiver applied not just to the twelve-month period in which appellant's ARD status placed him under the supervision of the adult probation department, but also for all such periods as his ARD status placed him within the possible control of the court. We agree with the hearing court "the wording of existing Pa.R.Crim.P. 1100, when read with Pa.R.Crim.P. 178, is not a model of clarity for our purposes instantly. We cannot agree with [appellant's] interpretation of the Rule, however, nor can we countenance dismissal...." (Slip Op., Smith, J., 9/22/87, p. 2.)[3] Our examination of the Rules of Criminal Procedure dealing with ARD (Rules 176–186) discloses no specific time limit for a Rule 1100 waiver, nor is there any procedure set forth in cases of ARD termination to determine Rule 1100 time limits. Under Rule 181, the court postpones further proceedings on the charges during the term of the ARD program, subject to the defendant fulfilling all conditions and requirements of the program. Rule 184 specifies the procedure for a termination petition for violation of the program's conditions. When appellant was placed in ARD on February 13, 1986, the district attorney relinquished jurisdiction under Rule 181 while appellant maintained ARD status. Thus, the Commonwealth no longer had a pending case even if it desired to prosecute. Jurisdiction could not vest in the Commonwealth again unless and until a petition was filed under Rule 184, a hearing held to determine whether termination of ARD was proper, and an Order issued by the court terminating the program. At that time, the district attorney could proceed on the charges as before. We therefore find, as did the hearing court,

> [T]he Commonwealth did not have any option or control over prosecuting the [appellant] until the Court made a ruling as to the termination of the [appellant]. Since ARD is by its very nature a diversionary program from which a defendant benefits, we believe it to be patently

---

**3.** References to the above Slip Opinion are to the Memorandum and Order of the Honorable D. Brooks Smith on appellant's Rule 1100 motion for dismissal.

unreasonable to expect or require the Commonwealth to proceed *in any manner* before there is a judicial determination on the termination request. (Emphasis in original.)

(Slip Op. at 3.)

Having determined the time between the filing by the Commonwealth of its petition to revoke ARD and the court's disposition of that petition is excludable from the Rule 1100 period for commencement of trial, we also make two other related findings, dismissing claims by appellant. While appellant contends time under Rule 1100 began to run again on February 14, 1987, the day after ARD should have expired, we find the time did not begin to run again until April 7, 1987, when the court terminated appellant's ARD status. The record indicates appellant was scheduled for jury selection April 13, 1987, but on that date he filed the first of three consecutive motions for trial postponement, further waiving Rule 1100 until October 12, 1987. From that date, the Commonwealth had 42 days in which to bring appellant to trial. As nonjury trial in this case was held November 20, 1987, we find the Commonwealth met the requirements of Rule 1100 by three days. Appellant also argues under the circumstances of this case the Commonwealth was required to seek an extension of time for commencement of trial under Rule 1100(c). Our foregoing discussion determined the Commonwealth's excludable time under Rule 1100 ran from February 4, 1987 until April 7, 1987 and again from April 13, 1987 to October 12, 1987 during the period waived by appellant for trial postponement, and therefore this claim also is without merit.

While the trial judge's Opinion at footnote 1 cites with approval the proposed amendment of Rule 1100 requiring commencement of a new trial within 120 days of termination of ARD, *see* 17 Pa.Bul. 6 (1987), we cannot follow that line of reasoning since, in fact, such a procedure was not promulgated and if it was, would not be applicable here because this case falls under the Rule prior to amendment.

We do find that trial was commenced in a timely fashion as provided by the rules in force at the time covering this case.

Judgment of sentence affirmed.