## Johnson v. Laureland Builders

*Ilissa Zimmerman,* for plaintiff.
*Frederick B. Gieg Jr.,* for defendant.

KOPRIVA, *J.,* July 1, 1991—Now before this court for disposition are the preliminary objections of defendant to the complaint. Said objections are in the form of a demurrer to the action for failure of plaintiff to comply with section 331 of the Fictitious Names Act, 54 Pa.C.S. §301 et. seq.

This matter arises from the alleged breach of an oral contract whereby plaintiff agreed to paint a house for defendant. The facts material to the resolution of the preliminary objections are as follows:

(1) Plaintiff and defendant entered into an oral contract on or about March 1, 1990.

(2) At the time plaintiff entered into said contract, he was doing business as Pro-Style Painting Contractors.

(3) The complaint was filed April 3, 1991, whereby plaintiff is attempting to recover money allegedly owed under the terms of the agreement entered into with defendant.

(4) On April 5, 1991, plaintiff filed an application for registration of a fictitious name with the State Corporation Bureau.

The argument set forth by defendant in support of the demurrer is that plaintiff's action must fail since the fictitious name registration was filed after this action was commenced and no explanation was offered for the failure of plaintiff to properly register the fictitious name. On the other hand, plaintiff contends the action may proceed as he has substantially complied with the provisions of section 331 by registering two days after the complaint was filed. Plaintiff cites subparagraph (c) of section 331 which provides that the penalties of subsections (a) and (b) shall not be applicable where there has been substantial compliance in good faith with the requirements of this chapter. 54 Pa.C.S. §331(c). Plaintiff relies on the above provision not only as a basis for maintaining this action, but also as a justification for foregoing payment of the civil penalty of $500 under section 331(b).

Plaintiff is unable to cite case law interpreting section 331(c), nor are we able to discover any judicial interpretation of the term "substantial compliance" with respect to the Fictitious Names Act. However, in making a determination as to whether the act has been substantially complied with, it is instructive to consider the purpose of the statute. The act was drafted "to protect persons giving credit in reliance on the fictitious name, and to

definitely establish the identity of the individuals owning the business, for the information of those who might have dealings with the concern." *Ross v. McMillan,* 172 Pa. Super. 298, 93 A.2d 874 (1953). In other words, the act prevents an entity from concealing its true identity from those parties with which it does business.

In the instant matter, there is no indication that plaintiff, Robert C. Johnson, was attempting to conceal his identity through the use of the name Pro-Style Painting Contractors. In fact, the contract at issue is an oral agreement made between Robert Johnson and a representative of defendant corporation. However, the complaint fails to set forth specifically defendant's knowledge of plaintiff's identity, although plaintiff argues in brief that, "At all times material hereto, Bruce Shank and Robert C. Johnson conducted their business directly with each other and were familiar to each other both by their trades and as individuals." Defendant's knowledge of plaintiff's identity is essential to a finding of substantial compliance with the provisions of the act. See *Macy v. Oswald,* 198 Pa. Super. 435, 182 A.2d 94 (1962). While the complaint is lacking a vital factual averment, we find this defect to be capable of cure by amendment with no resulting prejudice to defendant. *Ibn-Sadiika v. Riester,* 388 Pa. Super. 397, 551 A.2d 1112 (1988). We will permit plaintiff to amend the complaint in order to add said element.

For the purposes of this opinion, we will assume that at the time the agreement was made defendant knew that Robert C. Johnson was Pro-Style Painting Contractors. While it is true that plaintiff entered into the contract using an unregistered name, the name was registered two days after complaint was filed in this action. On these facts, we find plaintiff has substantially complied with the requirements of

274

the Fictitious Names Act such that the penalties of sections 331(a) and (b) shall not be applicable. Therefore, plaintiff may maintain this action and we will enter the following

ORDER

And now, July 1, 1991, this court having before it the preliminary objections of defendant, it is hereby ordered, directed and decreed as follows:

(1) Defendant's demurrer based on plaintiff's alleged non-compliance with 54 Pa.C.S. §331(a) and (b) is denied.

(2) However, plaintiff is given 15 days from the date of this order to file an amended complaint, in accordance with the opinion, or suffer dismissal of this action.

(3) The District Court Administrator shall list this matter for arbitration within 60 days of the date of this order.