**VOLKSWAGEN GROUP OF AMERICA, INC. and Nissan North America, Inc., Toyota Motor Sales USA, Inc., and Kia Motors America, Inc.**

**v.**

**KIMMEL & SILVERMAN and David J. Gorberg & Assoc.**

**Appeal of Kimmel & Silverman, P.C.**

Superior Court of Pennsylvania.

Argued April 3, 2013.

Filed July 17, 2013.

Robert A. Rapkin, Ambler and Christina G. Roseman, Pittsburgh, for appellant.

Dennis P. Ziemba, Philadelphia, for Toyota Motor Sales, appellee.

Anne S. Burris, Philadelphia, for Volkswagen Group, appellee.

BEFORE: PANELLA, J, OLSON, J., and STRASSBURGER, J.*

OPINION BY STRASSBURGER, J.:

■ Appellant Kimmel & Silverman, P.C. (K & S)[1] appeals the trial court order granting summary judgment in favor of Volkswagen Group of America, Inc. (Volkswagen), Nissan North America, Inc. (Nissan), Toyota Motor Sales, Inc. (Toyota), and Kia Motors America, Inc. (Kia), (collectively, "Appellees").[2] We affirm, albeit on a different basis from the trial court.[3]

K & S is a law firm which specializes in representing automobile purchasers who seek redress under Pennsylvania's Automobile Lemon Law (Lemon Law).[4] From December 2009 through January 2011, K & S represented 17 separate automobile purchasers in Lemon Law actions filed against Appellees. Each of the 17 underlying claims was resolved through the Appellee manufacturers' informal dispute settlement procedure (IDSP),[5] either through settlement with the manufacturer or an award from the arbitrator. *See* 73 P.S. § 1959. As a result, all 17 purchasers accepted and received a repurchase or replacement of their vehicles.

K & S's representation was provided at no cost to the purchasers. None of the IDSPs at issue allowed for the recovery of attorneys' fees, and none of the purchasers was awarded attorneys' fees as part of the IDSP settlement. Nonetheless, K & S obtained "assignments of rights" from each purchaser, purportedly allowing K & S to pursue the purchasers' "rights" to attorneys' fees under the Lemon Law. Trial Court Opinion, 11/2/2012, at 3. K & S then filed individual civil actions in the

---

* Retired Senior Judge assigned to the Superior Court.

1. David J. Gorberg and Associates is not a party to this appeal.

2. On September 19, 2011 and September 22, 2011, respectively, Toyota Motor Sales, Inc. and Kia Motors America, Inc. were granted leave to intervene in this matter as additional plaintiffs. We have amended the caption accordingly.

3. "[W]e are not bound by the rationale of the trial court and may affirm on any basis." *Richmond v. McHale*, 35 A.3d 779, 786 n. 2 (Pa.Super.2012).

4. 73 P.S. §§ 1951–1963.

5. An IDSP is an informal procedure whereby consumers and automobile manufacturers resolve warranty disputes before a neutral arbitrator.

Philadelphia County Court of Common Pleas, claiming violation of the Lemon Law and seeking payment of legal fees associated with representing the 17 purchasers during the IDSPs.

On June 2, 2011, Volkswagen and Nissan filed an action seeking declaratory relief against K & S with respect to the alleged Lemon Law violations. K & S filed an answer and new matter on June 22, 2011, also seeking declaratory relief, claiming violations of the Lemon Law, the Magnuson–Moss Warranty Act (MMWA),[6] and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL).[7] Volkswagen and Nissan filed a reply to K & S's new matter on June 24, 2011. Toyota and Kia were given leave to intervene in the case and filed replies to new matter on November 30, 2011.

On December 15, 2011, Volkswagen and Nissan filed a motion for summary judgment, which Toyota and Kia joined on January 17, 2012. Also on January 17, 2012, K & S filed an answer to Appellees' motion and filed a cross-motion for summary judgment.

On March 14, 2012, the trial court held oral arguments on the parties' respective summary judgment motions. On July, 13, 2012, the trial court granted Appellees' motion for summary judgment and denied K & S's cross motion.[8] This appeal followed. Both K & S and the trial court

have complied with the provisions of Pa. R.A.P. 1925.

▮ K & S's claims on appeal center around the issue of whether the Lemon Law, and by extension the MMWA and the UTPCPL, require an automobile manufacturer to pay attorneys' fees where the purchaser's dispute is resolved through an IDSP. K & S's Brief at viii-ix.

We begin with an evaluation of K & S's claims under the Lemon Law and the federal statute upon which it is based, the MMWA. The right to bring a cause of action under the Lemon Law lies with the purchaser[9] of the allegedly defective automobile. *See* 73 P.S. § 1958. Similarly, the MMWA provides that a federal cause of action for a breach of a consumer warranty lies with the consumer.[10] *See* 15 U.S.C. § 2310(d)(1). Under the terms of both the Lemon Law and the MMWA, before a purchaser may file a civil suit, he or she must first attempt to resolve the claim through the manufacturer's IDSP, if available. Specifically, the Lemon Law provides as follows.

## § 1959. Informal dispute settlement procedure

If the manufacturer has established an informal dispute settlement procedure which complies with the provisions of 16 CFR Pt. 703, as from time to time amended, the provisions of section

---

**6.** 15 U.S.C. § 2310(d)(2).

**7.** 73 P.S. §§ 201–1 to 201–9.3.

**8.** The 17 underlying cases have been stayed pending the outcome of this appeal.

**9.** A "purchaser" is defined as "a person, or his successors or assigns, who has obtained possession or ownership of a new motor vehicle by lease, transfer or purchase or who has entered into an agreement or contract for the lease or purchase of a new motor vehicle which is used, leased or bought for use pri-

marily for personal, family or household purposes." 73 P.S. § 1952.

**10.** Under the MMWA, a "consumer" is "a buyer (other than for purposes of resale) of any consumer product, any person to whom such product is transferred during the duration of a written warranty applicable to the product, and any other person who is entitled by the terms of such warranty or under applicable state law to enforce against the warrantor the obligations of the warranty." 16 C.F.R. § 703.1.

[1958] shall not apply to any purchaser who has not first resorted to such procedure as it relates to a remedy for defects or conditions affecting the substantial use, value or safety of the vehicle. The informal dispute settlement procedure shall not be binding on the purchaser and, **in lieu of such settlement, the purchaser may pursue a remedy under section [1958].**

73 P.S. § 1959 (emphasis added).[11]

As the emphasized language makes clear, following an IDSP, a purchaser has a choice of (1) accepting the terms of a manufacturer's settlement, or (2) rejecting the settlement and initiating a civil suit under section 1958 of the Lemon Law. Instantly, K & S maintains that (1) even if a purchaser accepts a settlement under section 1959, he or she retains the right to sue for attorneys' fees; and (2) in the instant case, the purchasers have assigned their rights to sue under the Lemon Law to K & S.[12] We cannot agree with K & S's faulty interpretation of the law.

While the IDSP **procedure** itself is non-binding, meaning that a purchaser is free to accept or reject the terms of the settlement as he or she wishes, a plain reading of section 1959 indicates that acceptance of a settlement is intended to be a final resolution of a Lemon Law claim.

While K & S attempts to argue that the legislative intent behind the Lemon Law is to provide for a right to attorneys' fees at every stage of the Lemon Law process, the plain language [13] of the Lemon Law includes provisions for recov-

---

**11.** *See also* 15 U.S.C. § 2310(a).

**12.** K & S's "assignments of rights" only purport to cover the purchasers' rights to recover attorneys' fees under the Lemon Law. *See e.g.* Brief in Support of Response to Appellees Motion for Summary Judgment, 2/16/2012, Exhibit N ("[Purchaser] does hereby assign to [K & S], all her rights, title, and interest in and to the initiation of litigation against [Appellee] to recover reasonable attorney's fees as provided under the Pennsylvania Lemon Law.")

**13.** It is well-settled that,

[g]enerally speaking, the best indication of legislative intent is the plain language of a statute.... Under [1 Pa.C.S.] Section 1921(c), **it is only when the words of a statute are not explicit that a court may resort to other considerations, such as the statute's perceived "purpose," in order to ascertain legislative intent.** Consistently with the Act, this Court has repeatedly recognized that rules of construction, such as consideration of a statute's perceived "object" or "purpose," are to be resorted to only when there is an ambiguity.

*In Re Canvass of Absentee Ballots of November 4, 2003 General Election*, 577 Pa. 231, 843 A.2d 1223, 1230 (2004) (some internal citations and quotation marks omitted; emphasis added).

We note that the twin purposes of the Lemon Law are to take defective automobiles off the road and to offer redress to consumers who have purchased those defective automobiles. Cognizant of the relative immediacy of these issues, the two-part process outlined in the Lemon Law is meant to be efficient, expedient, and "consumer-friendly." To that end, there is no requirement that a purchaser retain counsel for an IDSP. Moreover, as the trial court noted,

[l]egislative discussion [of the Lemon Law] did broach the subject of attorneys' fees, but only in the context of a civil action under section 1958. Much of the discussion focused on a House amendment to strike the allowance for attorneys' fees in civil actions. Indirect comments by some House Members indicate that they did not envision lawyers being used in the IDSP process, implying that the Legislature believed recovering attorneys' fees after an IDSP would be unnecessary.

Trial Court Opinion, 11/2/2012, at 6–7 (footnotes and citations omitted). Thus, we conclude that even if the language of the Lemon Law were ambiguous, the legislative intent and purpose of the Law, as a whole, would lead us to the same result.

ery of reasonable attorneys' fees only where a purchaser files a civil action.

### § 1958. Civil cause of action

Any purchaser of a new motor vehicle who suffers any loss due to nonconformity of such vehicle as a result of the manufacturer's failure to comply with this act may bring a civil action in a court of common pleas and, in addition to other relief, shall be entitled to recover reasonable attorneys' fees and all court costs.

73 P.S. § 1958. Simply put, the right to attorneys' fees under the Lemon Law attaches only where a purchaser has filed suit under section 1958. Such is not the case here.

Instantly, the 17 purchasers at issue herein have been made whole by accepting settlements and awards under section 1959 of the Lemon Law. Accordingly, because all of the purchasers' claims under the Lemon Law have been settled, and because purchasers are not entitled to recovery of attorneys' fees under section 1959 (related to the IDSP process) or the terms of the individual IDSP settlements, we conclude there were no Lemon Law rights remaining to assign K & S.[14] Thus, we affirm the trial court's grant of summary judgment as to K & S's claims under the Lemon Law and the MMWA.

 We now address K & S's claims under the UTPCPL. The Lemon Law

provides that violation of the Lemon Law constitutes a *per se* violation of the UTPCPL. 73 P.S. § 1961. However, the UTPCPL limits recovery to "purchasers" (or lessors) of goods who suffer loss of money or property as a result of unfair trade practices. 73 P.S. §§ 201–9.2 and 201–3, respectively. As discussed *supra*, K & S is neither the purchaser, nor the lessor, of the defective automobiles at issue in the underlying actions, nor has an UTPCPL right been assigned to K & S. Thus, K & S lacks standing to bring a claim against Appellees under the UTPCPL. Accordingly, we hold that the trial court did not err in granting Appellees' motion for summary judgment with respect to K & S's claims under the UTPCPL.

For all of the foregoing reasons, we affirm the order of the trial court.

Order affirmed.

14. Consistent with this interpretation, the BBB Auto Line Acceptance or Rejection of Decision form, which was signed by each purchaser following settlement of his or her individual section 1959 claim, expressly indicates that acceptance of a settlement "means [purchasers] give up any right to sue [Appellees] in court on any claim that has been resolved at the [IDSP], unless the business fails to perform according to the [IDSP] decision or unless otherwise provided by state or federal law." *See e.g.* Brief in Support of Response to Appellees Motion for Summary Judgment, 2/16/2012, Exhibit L. Importantly, no provision appears in the form authorizing a purchaser to assign what limited state or federal rights may remain following acceptance of an IDSP settlement.