J-S35010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NICK FERRARO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAY HUPP | : | No. 666 MDA 2021 |

Appeal from the Order Entered April 20, 2021
In the Court of Common Pleas of Perry County Civil Division at No(s):
2019-556

BEFORE:   OLSON, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED: FEBRUARY 8, 2022**

Appellant, Nick Ferraro, appeals from the April 20, 2021 order granting summary judgment in favor of Ray Hupp.[1]  We affirm.

The trial court summarized the factual history as follows:

The matter arises out of a slip and fall accident that occurred on February 9, 2018, in the driveway of [Hupp's residence in] Perry County[, Pennsylvania.  Appellant,] in his capacity as a medicare consultant, had visited the Hupp [residence] to discuss the services he could provide.  While there was [no] snow [fall] or

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] An order granting summary judgment that disposes of all claims and all parties is a final and appealable order.  **Mae v. Janczak**, 245 A.3d 1134, 1135 n.1 (Pa. Super. 2021); **see also** Pa.R.A.P. 341(b)(1) (defining a final order as an order that, *inter alia*, "disposes of all claims and of all parties").  Here, because the April 20, 2021 order granting summary judgment in favor of Hupp disposes of all claims and all parties, this appeal properly lies from said order. **Mae**, 245 A.3d at 1135 n.1.

precipitation [occurring] when he arrived, it [] had snowed a few days earlier.

[] Upon arriving [at Hupp's residence, Appellant] walked to the door [] without incident. After his business was concluded, [Appellant] left the [residence] and began to walk toward his vehicle. It was then that he fell.

Trial Court Opinion, 4/20/21, at 1.[2]

On June 17, 2019, Appellant filed a complaint for personal injury – premise liability against Hupp asserting that Hupp was negligent in his care of the driveway by permitting a dangerous and defective condition to exist, namely the formation of ice. *See* Appellant's Complaint, 6/17/19. Appellant averred that Hupp's negligence was the cause of his injuries, which included, *inter alia*, a broken fibula and a dislocated tibia in his left leg. *Id.*

On January 4, 2021, Hupp filed a motion for summary judgment, asserting that Appellant "failed to identify the cause of his fall and failed to establish a *prima facie* case of negligence." Hupp's Motion for Summary Judgment, 1/4/21, at 4 (extraneous capitalization omitted). On February 3, 2021, Appellant filed a response in opposition to Hupp's motion for summary judgment. Both Hupp and Appellant filed briefs in support of, and in opposition to, respectively, the motion for summary judgment. Hupp's Brief in Support of Summary Judgment, 1/4/21; *see also* Appellant's Memorandum of Law in Opposition to Summary Judgment, 2/3/21.

_____

[2] For ease of reference, we have assigned page numbers to the trial court's unpaginated opinion.

The trial court entertained argument on the motion for summary judgment, and, on April 20, 2021, the trial court granted summary judgment in favor of Hupp. *See* Trial Court Order, 4/20/21. This appeal followed.[3]

Appellant raises the following issue for our review:

Did the trial court err in granting [Hupp's] motion for summary judgment when [Hupp] admitted to his own negligence and when all reasonable inferences should be drawn in favor of [Appellant, as] the non-moving party?

Appellant's Brief at 4 (extraneous capitalization omitted).

This Court's standard and scope of review of an order granting summary judgment is well-settled.

Our scope of review of summary judgment orders is plenary. We apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to judgment as a matter of law will summary judgment be entered.

Motions for summary judgment necessarily and directly implicate the plaintiffs' proof of the elements of their cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial [] failed to produce evidence of facts essential to the cause of action or

_____

[3] The trial court did not order Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In its Rule 1925(a) opinion, the trial court stated that it relied on its April 20, 2021 opinion that accompanied its order granting summary judgment. *See* Trial Court Opinion, 5/25/21.

defense which in a jury trial would require the issues to be submitted to a jury. Thus[,] a record that supports summary judgment will either (1) show the material facts are undisputed or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury. Upon appellate review[,] we are not bound by the trial court's conclusions of law, but may reach our own conclusions. [This] Court may disturb the trial court's order only upon an error of law or an abuse of discretion.

*Collins v. Philadelphia Suburban Dev. Corp.*, 179 A.3d 69, 73 (Pa. Super. 2018) (citation, ellipses, and original brackets omitted). In a cause of action based upon negligence, the plaintiff must prove: (1) the defendant owed a duty of care to the plaintiff, (2) that duty was breached, (3) the breach resulted in the plaintiff's injury, and (4) the plaintiff suffered an actual loss or damages. *Id.* A land possessor is liable for an injury sustained by a plaintiff if:

the land possessor knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, the [land] possessor should expect that the invitee[4] will

_____

[4] In his complaint, Appellant avers that he was an "invitee" on Hupp's property. *See* Appellant's Complaint, 6/17/19, at ¶5 (stating that, Appellant "was an invitee in the driveway"). Pennsylvania law defines "invitee" as either a public invitee or a business visitor. *Gutteridge v. A.P. Green Servs. Inc.*, 804 A.2d 643, 655 (Pa. Super. 2002) (stating that, the terms "business visitor" and "business invitee" are synonymous), *appeal denied*, 829 A.2d 1158 (Pa. 2003). Here, Appellant was invited to Hupp's residence "to discuss the services provided by [Appellant's] employer." *See* Hupp's Motion for Summary Judgment, 1/4/21, at ¶5; *see also* Appellant's Opposition to Summary Judgment, 2/3/21, at ¶5 (admitting as true Hupp's averment regarding Appellant's purpose for being on Hupp's property). At the time of the incident, Appellant was a Medicare consultant. As such, Appellant was a business invitee because he was "invited to enter or remain on [Hupp's] land

- 4 -

not realize [the harmful condition] or will fail to protect himself[, or herself,] against it, and the [land] possessor fails to exercise reasonable care to protect the invitee against the danger.

*Id.* at 74 (citation omitted). "An invitee must present evidence proving either the [land possessor] had a hand in creating the harmful condition, or [the land possessor] had actual or constructive notice of such condition." *Id.* (citation, original brackets, and original quotation marks omitted). Importantly, "even when it is established that the defendant breached some duty of care owed the plaintiff, it is incumbent on a plaintiff to establish a causal connection between defendant's conduct, and it must be shown to have been the proximate cause of plaintiff's injury." *Lux v. Gerald E. Ort Trucking, Inc.*, 887 A.2d 1281, 1286 (Pa. Super. 2005) (citation and original quotation marks omitted), *appeal denied*, 901 A.2d 499 (Pa. 2006). Although a plaintiff may prove proximate cause of injury through circumstantial evidence, such evidence must be sufficient for a jury to base its conclusion; a jury is not permitted to reach its verdict merely based on speculation or conjecture. *Cade v. McDaniel*, 679 A.2d 1266, 1271-1272 (Pa. Super. 1996), *citing Smith v. Bell Tel. Co. of Pennsylvania*, 153 A.2d 477 (Pa. 1959); *see also InfoSAGE, Inc. v. Mellon Ventures, L.P.*, 896 A.2d 616, 626 (Pa. Super. 2006) (stating that, "a [trial] court reviewing the propriety of a summary

_____

for a purpose directly or indirectly connected with business dealings with [Hupp]." *See Gutteridge*, 804 A.2d at 655.

judgment motion must be mindful that a jury may not be permitted to reach its verdict on the basis of speculation or conjecture").

In explaining its rationale for granting summary judgment in favor of Hupp, the trial court stated,

> At a deposition, held in this case on August 14, 2020, [Appellant] described the stone driveway leading to the Hupp [residence]. Upon arriving [at the residence], he walked to the door of the Hupp [residence] without incident. After his business was concluded, [Appellant] left the [residence] and began to walk toward his vehicle. It was then that he fell. Despite the previous inclement weather, [Appellant] did not testify concerning any ice or snow that may have caused him to fall. To the contrary, [Appellant was] forthright in saying that he may not even have slipped[.]

> In short, it is impossible to ascertain from [Appellant's testimony] how it was that he injured himself on [Hupp's] driveway. At [] trial[,] the jury would be left without even an intelligent guess.

Trial Court Opinion, 4/20/21, at 1-2 (unpaginated).

It is well-settled that this Court is not bound by the rationale of the trial court and may affirm an order granting summary judgment on any basis. *Volkswagen Group of Am., Inc. v. Kimmel & Silverman*, 74 A.3d 1042, 1043 n.1 (Pa. Super. 2013). As such, we agree with the trial court that Hupp was entitled to summary judgment but for reasons not expressed by the trial court. Specifically, we find the hills and ridges doctrine applicable to the case *sub judice* and, in particular, pursuant to the doctrine we find no genuine issue of material fact exists as to whether Hupp can be held liable for Appellant's injuries.

Pennsylvania courts created an exception to liability known as the hills and ridges doctrine that "is a refinement [of] or clarification of the duty owed by a [land] possessor and is applicable to a single type of dangerous condition, *i.e.*, ice and snow." **Morin v. Traveler's Rest Motel, Inc.**, 704 A.2d 1085, 1087 (Pa. Super. 1997) (citation omitted), *appeal denied*, 723 A.2d 1025 (Pa. 1998). "The hills and ridges doctrine is a long[-]standing and well[-]entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations." **Morin**, 704 A.2d at 1087 (citation and original quotation marks omitted); *see also Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523, 526 (Pa. Super. 2006) (stating that, under the hills and ridges doctrine, a land possessor is not liable for generally slippery conditions "for to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere").

To overcome the hills and ridges doctrine and permit recovery for a fall on an ice or snow covered surface, a plaintiff must show:

> (1) that snow and ice [] accumulated on the [surface] in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

> This Court [] further opined that "the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove the snow and ice when it is in a dangerous condition."

**Collins**, 179 A.3d at 74 (original brackets omitted), *citing* **Biernacki v. Presque Isle Condominiums Unit Owners Ass'n, Inc.**, 828 A.2d 1114, 1117 (Pa. Super. 2003).

Our case law also makes clear that the hills and ridges doctrine applies only when an entirely natural accumulation of snow or ice following a recent meteorological event causes the plaintiff to sustain an injury. **Morin**, 704 A.2d at 1087; *see also* **Collins**, 179 A.3d at 74 (stating, "the hills and ridges doctrine may be applied only in cases where the snow and ice complained of are the result of an entirely natural accumulation following a recent snowfall"). The snow and ice complained of must be "the result of an entirely natural accumulation, following a recent snowfall" as "the protection afforded by the doctrine is predicated on the assumption that these formations are natural phenomena incidental to our climate[.]" **Harvey**, 901 A.2d at 526 (citation, original quotation marks, original brackets, and emphasis omitted). In other words, the dangerous condition that results from the snow and ice must be a "natural condition," *i.e.*, the slippery ice must be the result of Mother Nature. When the snowy or icy condition is created by human intervention, then an artificial condition arises out of what was once a natural occurrence. **Harvey**, 901 A.2d at 527.

Where the record suggests that plowing activity may have interacted with the recent snowfall to create an icy condition, a genuine issue of material

fact can arise as to whether the slippery conditions resulted from an entirely natural condition, thereby making the hills and ridges doctrine an inappropriate basis upon which to grant summary judgment. **See id.** (holding that, absent evidence to the contrary, undisputed evidence of a snowstorm, subsequent plowing of the road, and a later slip and fall on ice "suggests that the condition of the land was influenced by human intervention"). Our subsequent case law, however, refined the principle followed in **Harvey**, **supra**, noting that the hills and ridges doctrine applied at the summary judgment stage to protect the possessor of land where the record demonstrated that icy conditions did not result from an artificial accumulation, such as where a party concedes that "snow and ice in the driveway appeared to be a natural accumulation" and the party's expert never stated the ice was an artificial accumulation or that the plowing of the snow caused the ice to form. **Best v. Investors, Ltd.**, 262 A.3d 559, *5-*6 (Pa. Super. Filed August 27, 2021) (unpublished memorandum).

Here, the parties conceded that, although there was no snowfall or precipitation on the date of the incident, there was a snowstorm three or four days prior. **See** Hupp's Motion for Summary Judgment, 1/4/21, at ¶6; **see also** Appellant's Opposition to Summary Judgment, 2/3/21, at ¶6; Appellant's Memorandum of Law in Opposition to Summary Judgment, 2/3/21, at Exhibit B (Appellant's Answers to Interrogatories), ¶13 (stating that, on the day of the accident it was clear outside and that there had been a snowstorm three days prior). In his deposition, Hupp admits that prior to Appellant's arrival at

his residence, he "had the driveway all plowed out, taken care of that way" and "had some salt put down." *See* Appellant's Memorandum of Law in Opposition to Summary Judgment, 2/3/21, at Exhibit C (Hupp's Deposition Transcript). Appellant described the condition of Hupp's driveway upon his arrival as follows:

> The surface condition at [Hupp's residence] was a mix of gravel [and] dirt, which had **untreated ice patches due to a [snowstorm] three days prior**.

Appellant's Memorandum of Law in Opposition to Summary Judgment, 2/3/21, at Exhibit B, ¶13 (emphasis added); *see also id.* at Exhibit B, ¶12 (averring that, "without warning [Appellant was] caused to slip and fall on [Hupp's] pavement due to **untreated patches of ice**" (emphasis added)).

In viewing the record in the light most favorable to Appellant, as the non-moving party, we find that, even if Appellant is entitled to an inference on causation that he slipped on a patch of ice, Appellant conceded: (1) there was a snowstorm three or four days prior to the incident; (2) as a result of that snowstorm, and prior to his arrival at Hupp's residence, Hupp plowed his driveway; and (3) Appellant slipped on an **untreated patch of ice** located in the driveway. *See* Appellant's Memorandum of Law in Opposition to Summary Judgment, 2/3/21, at Exhibit B, ¶¶12-13; *see also id.* at Exhibit C. Appellant's concession that the ice was untreated demonstrates that it was a natural accumulation following the recent snowfall and was not an artificial accumulation resulting from Hupp's plowing of the driveway and treating the

driveway surface with salt or ice melt.  Therefore, no genuine issue of material fact precludes application of the hills and ridges doctrine, and Hupp is entitled to protection from liability for the generally slippery conditions that resulted from a natural accumulation following the recent snowstorm.  **See Harvey**, 901 A.2d at 526-527; **see also Best**, 262 A.3d at *5-*6. Consequently, we find no error of law or abuse of discretion in the trial court's granting of summary judgment in favor of Hupp, albeit for a different reason.  **See Kimmel & Silverman**, 74 A.3d at 1043 n.1.

Order affirmed.

Judge Pellegrini joins.

Judge Kunselman concurs in the result.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/08/2022